UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: : | | |
|    DAVID CUTLER INDUSTRIES, LTD., : | Chapter 11 | |
| : | | |
|                   Debtor. : | Bky. No. 09-18716 ELF | |
| : | | |
| _____ : | | |
| DAVID CUTLER INDUSTRIES, LTD., : | | |
| : | | |
|                   Plaintiff, : | | |
| : | | |
| v. : | Adv. No. 11-840 ELF | |
| : | | |
| PENNSYLVANIA DEPARTMENT OF : | | |
| REVENUE, COMMONWEALTH OF : | | |
| PENNSYLVANIA : | | |
| : | | |
|                   Defendant. : | | |
| : | | |

## O R D E R

AND NOW, WHEREAS:

A. The Plaintiff David Cutler Industries, Ltd. (the "Debtor"), filed a voluntary chapter 11 bankruptcy petition on November 16, 2009.

B. The Debtor commenced this adversary proceeding on **November 14, 2011** by filing a complaint ("the Complaint"), asserting five (5) claims against Defendant Pennsylvania Department of Revenue ("Pa.D.Rev."), for avoidance and recovery of certain allegedly fraudulent transfers and disallowance of claims:

    (1) **First Count**: §§548(a)(1)(A), 550, 551 – actual fraud

    (2) **Second Count**: §§548(a)(1)(B), 550, 551 – constructive fraud

    (3) **Third Count**: §§544(b), 550, 551 (incorporating 12 Pa. C.S.A. §§5104, 5107, 5108) – actual fraud

    (4) **Fourth Count**: §§544(b), 550, 551 (incorporating 12 Pa. C.S.A. §§5104, 5105, 5107, 5108) – constructive fraud

    (5) **Fifth Count**: §502(d) – disallowance of all claims.

C. Pa.D.Rev. filed a Motion to Dismiss the Complaint ("the Motion"), accompanied by a Memorandum of Law, on **December 12, 2011**. (Doc. # 3).

D. The Debtor filed a Memorandum of Law in Opposition to the Motion to Dismiss on **January 6, 2012**. (Doc. #8).[1]

E. The court has considered the parties' submissions.

It is hereby **ORDERED** that:

1. The Motion for dismissal of the Third and Fourth Counts of the Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and based on <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011), is **DENIED**.[2]

---

[1] By the Order, dated January 12, 2012, the court allowed further briefing on the Motion. (Doc. #9). Pa.D.Rev. filed its Reply brief further supplementing its arguments in support of the Motion on January 19, 2012. (Doc. #11). The Debtor filed its Sur-Reply brief on February 2, 2012. (Doc. #12).

[2] In support of its position that this court lacks subject matter jurisdiction over the §544 claims, Pa.D.Rev. relies on <u>In re Blixseth</u>, 2011 WL 3274042 (Bankr. D. Mont. Aug, 1, 2011). Last year, in <u>In re Universal Marketing, Inc</u>, 459 B.R. 573 (Bankr. E.D. Pa. 2011), I considered and rejected the same challenge to the bankruptcy court's exercise of subject matter jurisdiction over claims brought under 11 U.S.C. §544. Since then, I am unaware of any court that has followed <u>Blixseth</u>, while numerous other courts have declined to do so. See, e.g., <u>In re Southeastern Materials, Inc.</u>, 467 B.R. 337, 359 n.35 (Bankr. M.D.N.C. 2012) (collecting cases). Moreover, the bankruptcy judge who issued the decision in <u>Blixseth</u> has reconsidered the issue and determined that the original decision was incorrect. See <u>In re Blixseth</u>, 2011 WL 6217416, *3 (Bankr. D. Mont. Dec. 14, 2011). In these circumstances, I adhere to the holding in <u>Universal Marketing</u>.

2. The Motion for dismissal of the Complaint for improper service pursuant to Fed. R. Civ. P. 12(b)(5), is **DENIED**.[3]

3. The Motion for dismissal of the **Third and Fourth Counts** under 11 U.S.C. §544(b) pursuant Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, on the ground that its sovereign immunity bars any actual unsecured creditor from suing the Commonwealth under state law (i.e., the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA")), is **DENIED**.[4]

---

[3]    Fed. R. Bankr. P. 7004(b)(6) provides that service on a state or governmental organization, such as Pa.D.Rev., is to be made in the manner required by state law. Pa. R. Civ. P. 422(a) provides:

> (a) Service of original process upon the Commonwealth or an officer . . . thereof, shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof.

Pa.D.Rev. argues that service of the Complaint was insufficient. Pa.D.Rev. concedes that service was made upon the Department of Revenue but contends that no service was made on the Office of the Attorney General. The Debtor disputes that service was improper and attached the certificate of service for the Complaint as well as copies of the canceled certified mail receipts, and signed return receipts. These were addressed to the Office of Attorney General, Torts Litigation Unit, at two (2) different offices, one (1) in Harrisburg, and one (1) in Philadelphia. (See Doc. #'s 7, 8-1).

Pa.D.Rev. appears to have conceded that service was proper as it does not address the issue further in its Reply brief. In any event, I find that the Complaint was properly served upon Pa.D.Rev.

[4]    Pa.D.Rev. argues that:

> (a) §544(b) allows the Debtor to step into the shoes of an actual creditor;
>
> (b) as a result, the Debtor is subject to any valid defenses that may be asserted against the actual creditor;
>
> (c) one of the available defenses is sovereign immunity; and
>
> (d) Pa.D.Rev. has not waived its sovereign immunity under PUFTA.

In a nutshell, Pa.D.Rev. contends that §106(a) permits the a trustee to bring suit under
(continued...)

4. The Motion for dismissal of the Complaint pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted,[5] on the ground that the Debtor failed to plead

---

[4] (...continued)
§544(b) without regard to its sovereign immunity, but that §106(a) does not "move down to a second level" and detach the sovereign immunity defense from the state law avoidance action that §544(b) authorizes the trustee may bring in the place of an actual unsecured creditor. (Pa.D.Rev. Mem. of Law at 20). According to Pa.D.Rev., abrogation of its sovereign immunity defense would violate §106(a)(5), which provides that "[n]othing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law," because it creates a cause of action for an unsecured creditor when none existed previously.

In response, the Debtor cites Central Virginia Community College v. Katz, 126 S. Ct. 990 (2006), for the proposition that states may not assert sovereign immunity as a defense to avoidance actions in bankruptcy because they surrendered that immunity in the Constitution. 126 S. Ct. at 1004-05. The Debtor further argues that even if Katz is not directly on point, §106(a)(1) directly abrogates Pa.D.Rev.'s sovereign immunity because §106(a)(1) specifically incorporates §544 in its entirety, including subsection (b).

Both parties cite to recent cases that come to opposite conclusions regarding whether Katz is applicable in §544(b) fraudulent transfer actions. Compare In re Ginn-La St. Lucie Ltd., LLP, 2010 Bankr. LEXIS 6325 (Bankr. S.D. Fla. Dec. 10, 2010) (following In re Grubbs Constr. Co., 321 B.R. 346 (Bankr. M.D. Fla. 2005) and holding that §544(b) does not create a substantive right but rather a status that allows state law to determine the rights that accrue), with In re DBSI, Inc., 463 B.R. 709 (Bankr. D. Del. 2012) (criticizing and declining to follow In re Ginn-La).

After considering the parties' arguments and the applicable case law, I find the line of cases typified by the DBSI opinion better reasoned and more persuasive. In particular, I find it compelling that 11 U.S.C. §106(a) expressly incorporates all of §544 – subsections (a) and (b) both – in abrogating the power of a governmental unit to assert sovereign immunity. As Judge Walsh observed in DBSI, to "require a trustee to demonstrate ... [the] waived sovereign immunity in every instance the trustee seeks to rely on state law for the purpose of § 544 would render the general abrogation of sovereign immunity under § 106 almost meaningless." 463 B.R. at 717 (quoting In re Custom Contractors, LLC, 439 B.R. 544, 549 (Bankr. S.D. Fla. 2010)); see also In re Pharm. Distrib. Servs., 455 B.R. 817, 821 (Bankr. S.D. Fla. 2011).

[5] Under Rule 12(b)(6), a defendant is entitled to dismissal of a complaint only if the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

The Third Circuit Court of Appeals articulated a three-part test in In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 2012 WL 1700836, *6 (3d Cir. May 16, 2012) to determine whether the allegations in the complaint satisfy the pleading standards of Twombly:

(continued...)

-4-

sufficient factual allegations to state a plausible claim for the avoidance and recovery of a fraudulent transfer is **DENIED**,[6] **EXCEPT** as to the **Fifth Count**.

---

[5](...continued)
> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

(citations and quotation marks omitted). A claim is facially plausible where the facts set forth in the complaint allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The parties disagree as to the manner in which the requisite pleading standard should be applied in this proceeding. The Debtor argues for a "relaxed" and flexible standard because the Debtor has limited access to the particular facts and documents in this proceeding. (Debtor Mem. of Law at 3). The Pa.D.Rev. disputes any such "relaxed" standard should be applied. Because I find that the Complaint provides sufficient factual allegations, see n.5, infra, I need not decide whether the Debtor should be afforded greater liberality in pleading fraud.

[6]   Pa.D.Rev. argues that all counts of the Complaint must be dismissed because they do not "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 127 S. Ct. at 1964 (citing Conley v. Gibson, 78 S. Ct. 99, 103 (1957)). According to Pa.D.Rev., the Debtor has made allegations that consist mostly of conclusory facts or conclusions of law that are based on a recitation of the relevant statutory provisions. More specifically, Pa.D.Rev. argues there are no actual facts that are pled that relate to the Debtor's insolvency, how the transfers hindered, delayed, defrauded creditors, or actual intent. To the contrary, the Debtor argues that it has plead enough facts to satisfy Rule 8(a)(2)'s "short plain statement" standard.

Pa.D.Rev. is correct that much of the Complaint is a recitation of the statutory elements and many conclusory facts. However, the Debtor also has identified the allegedly fraudulent transfers by date and amount and alleged that all of the transfers were on account of personal income taxes of Darryl Cutler and Amy Cutler, in some instances, attributing a specific tax year to the transfers. (Compl. ¶¶ 12-14 & Ex. 1 thereto). The Debtor has alleged expressly that it did not receive anything in exchange for the transfers – no property, reduction in or security for an antecedent debt, or any other value. (Id. ¶¶18, 31). The Debtor also alleged certain facts in paragraph 43 of the Complaint, which consists of seven (7) subparagraphs (a)-(g), that imply, inter alia, that the transfers were concealed or misrepresented as sales commissions or assets, that there were misleading or false statements regarding the Debtor's financial position and the transfers made its financial position significantly worse, and that the method of payment evidenced an intent by David Cutler "to limit knowledge of the nature and source of Transfers." (Id. ¶43).

(continued...)

5. The **Fifth Count** is **DISMISSED WITHOUT LEAVE TO AMEND THE COMPLAINT, BUT WITHOUT PREJUDICE** to the Debtor's right to object to Pa.D.Rev.'s proof of claim pursuant to Fed. R. Bankr. P. 3007.[7]

6. The Motion for dismissal of the **Third and Fourth Counts** pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, on the ground that the Debtor failed to name or otherwise identify an actual creditor with the requisite non-bankruptcy cause of action under §544(b), is **DENIED**.[8]

---

[6](...continued)
Based on the Debtor's allegations, and employing a "context-specific" evaluation and drawing upon "judicial experience and common sense," Iqbal,129 S. Ct. at 1950, I am satisfied that the allegations in the Complaint, and the reasonable inferences therefrom, make out a plausible claim for avoidance of the alleged transfers and that this adversary proceeding should be permitted to proceed to the discovery stage of the litigation.

[7] In the Fifth Count, the Debtor has requested that any claim be disallowed pursuant to §502(d). When the Complaint was filed, Pa.D.Rev. had not filed a proof of claim. The last date to for governmental units to file claims was January 6, 2012. Pa.D.Rev. did not file a proof of claim until March 21, 2012. In these circumstances, the relief requested by the Debtor can be addressed more appropriately through the claims process, rather than in this adversary proceeding.

[8] Naming a specific creditor is not necessary to state a cause of action under §544(b). In re Image Worldwide, 139 F.3d 574, 577 (7th Cir. 1998) ("The trustee need not name the creditor, so long as the unsecured creditor exists."); In re Bernard L. Madoff Inv. Sec., LLC, 445 B.R. 206, 234 (Bankr. S.D.N.Y. 2011) ("a trustee is not required to specifically identify a qualifying unsecured creditor in its complaint to assert standing under section 544 of the Code in accordance with the pleading requirements of Rule 8"); In re DBSI, Inc., 2011 WL 607442, *5 (Bankr. D. Del. Feb. 11, 2011); In re Lexington Healthcare Group, Inc., 339 B.R. 570, 576 (Bankr. D. Del. 2006); Collier on Bankruptcy ¶ 544.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012) ("the trustee need not identify a specific creditor by name").

There is authority for Pa.D.Rev.'s position. In re Sverica Acquisition Corp., 179 B.R. 457, 464 (Bankr. E.D. Pa. 1995) (holding that the identity of actual creditor is "crucial . . . in order that [the defendant] might confirm or deny the validity of that entity's claim"); cf. In re Jamuna Real Estate, LLC, 365 B.R. 540, 566 & n.23 (Bankr. E.D. Pa. 2007) (stating general proposition that the existence of an actual creditor must be pled in the complaint but citing Sverica Acquisition with favor and acknowledging "split of authority"). However, I conclude that the better view is that it is sufficient for a plaintiff to allege that an actual creditor exists who holds an allowable unsecured claim and who may

(continued...)

7. 3. Pa.D.Rev. shall file an Answer to the Complaint on or before **June 11, 2012**.

Date: May 21, 2012

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[8](...continued)
avoid the subject transfer under state law and that it is unnecessary to identify the precise identity of that creditor at the pleading stage.